# United States Court of Appeals for the Fifth Circuit

———————

No. 22-51125
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

July 25, 2023

Lyle W. Cayce
Clerk

In the Matter of Francis McQueen Rozelle, Jr.; Clara
Sommers Johnson,

*Debtors*,

Francis McQueen Rozelle, Jr.,

*Appellant*,

*versus*

John Patrick Lowe; Jennifer Rothe,

*Appellees*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CV-1264

———————————————————————

Before Davis, Smith, and Douglas, *Circuit Judges*.

Per Curiam:*

————————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-51125

Francis McQueen Rozelle, Jr., proceeding pro se, appeals the district court's judgment affirming the bankruptcy court's order approving the estate's accountant final fee application. Because the bankruptcy court did not abuse its discretion, we AFFIRM.

This Court applies the same standard of review as the district court in reviewing the bankruptcy court's decision approving professional fees under 11 U.S.C. § 330. *In re Woerner*, 783 F.3d 266, 270 (5th Cir. 2015)(en banc). That is, we review the bankruptcy court's approval of professional fees for an abuse of discretion. *Id.* An abuse of discretion occurs when the bankruptcy court (1) applies an improper legal standard or follows an improper procedure, or (2) bases its decision on findings of fact that are clearly erroneous. *Id.*

Rozelle does not challenge the legal standard applied by the bankruptcy court. He contends that the bankruptcy court erred because it approved fees for the accountant's time spent "reading and analyzing legal pleadings and orders," which he contends was not necessary. As the Trustee argues, however, the bankruptcy court acted within its discretion to credit the accountant's testimony on direct examination that she needed to stay informed of case developments to determine whether any tax consequences were implicated. Rozelle also argues that the bankruptcy court erred in approving tasks that the accountant could have allowed a bookkeeper in her office to complete, reducing the fee owed to her. Although the accountant testified that a bookkeeper in her office could have performed some of the tasks, she also testified that the savings would not have been "substantial." Again, the bankruptcy court acted within its discretion in crediting the accountant's testimony that her services were necessary and compensation reasonable.

No. 22-51125

Although Rozelle presents numerous arguments in his brief reflecting his dissatisfaction with the bankruptcy proceedings,[1] he fails to show that the bankruptcy court abused its discretion in approving the final fee application of the estate's accountant. Accordingly, we AFFIRM.

_____

[1] The factual background of the bankruptcy proceedings are described in detail in *Rozelle v. Lowe*, No. 5:15-CV-108 RP, 2016 WL 8729475 (W.D. Tex. Mar. 29, 2016), *aff'd In Matter of Rozelle*, 671 F. App'x 359 (5th Cir. 2016) (unpublished).